UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| JANE GRIFFIN, | : |  |
|---|---|---|
| Plaintiff, | : |  |
| v. | : | Case No. 1:15-cv-23-jgm |
| LINCARE, INC., | : |  |
| Defendant. | : |  |

ORDER ON LINCARE, INC.'S RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW
(Docs. 94)

I.     Introduction

Plaintiff Jane Griffin asserts a negligence claim against Defendant Lincare, Inc. ("Lincare"), alleging it is liable for frostbite burns to her foot caused by its oxygen system. (Doc. 1 ("Compl."), Doc. 43.) After hearing the testimony of witnesses and examining documentary evidence at trial, the jury could not reach a verdict and a mistrial was declared. Lincare now moves for judgment arguing plaintiff failed to introduce evidence that the proximate cause of her injury was the advice she received from Lincare's representative, failed to introduce evidence she was burned by oxygen vapor and that was the proximate cause of her injury, and did not introduce any causation theory connecting Lincare's alleged instructions to the release of oxygen from the system. (Doc. 94.) Griffin opposes the motion. (Doc. 95.) Lincare filed a reply. (Doc. 96.) For the following reasons, Lincare's motion is GRANTED.

II.     Background

Plaintiff Jane Griffin, a retired nurse, relies on supplemental oxygen 24 hours per day and has neuropathy (nerve damage) in her feet that causes tingling, burning, and numbness, and leaves her with no feeling in her toes and the ball of her foot. She asserts Lincare, a provider of oxygen,

respiratory, and home infusion products and services, was negligent and is liable for frostbite burns to her foot caused by its oxygen system leaking as she attempted to disconnect the portable unit from the oxygen reservoir tank. Specifically, she alleges Lincare failed to instruct her in accordance with the Manufacturer's Operating Manual when its service representative instructed her to return to the unit and "twist and rock" the portable unit. See Doc. 91 at 83 (Trial Tr. 83:20-22). The Court held a three-day trial from January 10-12, 2017. See Dkt. Entries No. 81, 84-85.

Griffin's case consisted of her own testimony, the testimony of Lincare's service representative, Layton Durkee, and her doctor, Dr. Matthew Conway. At the close of her case, Lincare moved for judgment as a matter of law. (Doc. 92 at 34 (Trial Tr. 34:3-39-12).) The Court denied the motion. Id. at 39 (Trial Tr. 39:13-40:2.)

Lincare introduced expert testimony from Dr. Guiseppe Petrucci and, at the close of its case, again moved for judgment as a matter of law. (Doc. 92 at 94 (Trial Tr. 94:14-102:6).) The Court again denied the motion, allowing the case to go to the jury. Id. at 102 (Trial Tr. 102:7-14).)

The jury deliberated for six hours over two days before informing the Court it was deadlocked and unable to reach a verdict. The Court declared a mistrial. Dkt. Entry No. 85.

Lincare now renews its motion for judgment as a matter of law. (Doc. 94.)

III.     Discussion

A motion for judgment as a matter of law should be granted when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). The Court must draw all reasonable inferences in favor of the non-moving party and may not weigh the evidence or make credibility determinations. Cross v. N.Y.C. Transit Auth., 417 F.3d 241, 247 (2d Cir. 2005). A party may file a post-trial motion for judgment as a matter of law only where, as

2

here, it has first moved prior to submission of the case to the jury. Fed. R. Civ. P. 50(b). In ruling on a renewed motion, the Court may direct the entry of judgment as a matter of law. Id. 50(b)(3).

Having reviewed the parties' filings and the trial transcript, the Court concludes no reasonable jury could determine Lincare's service representative's instructions to Griffin were the cause of her injury. In denying summary judgment, the Court concluded a jury could draw a reasonable inference that Griffin was injured while standing in close proximity to the leaking oxygen system as she attempted to remove the portable unit from the reservoir in accordance with the Lincare Service Representative's instructions. (Doc. 43 at 11.) At trial, however, Griffin testified she had stood in close proximity to the oxygen unit as it was emitting vapor <u>before</u> she called Lincare and before Durkee returned her call. (Doc. 91 at 37, 77, 98 (Trial Tr. 37:23-38:4; 77:6-16; 98:13-19).)

Causation requires both "but-for" and proximate causation. <u>Collins v. Thomas</u>, 938 A.2d 1208, 1211 (Vt. 2007). A plaintiff must show: (1) the harm would not have occurred "but-for" the defendant's conduct such that the "tortious conduct was a necessary condition for the occurrence of the plaintiff's harm," and (2) the defendant's negligence was "legally sufficient to result in liability such that liability attaches for all the injurious consequences that flow from the defendant's negligence until diverted by the intervention of some efficient cause that makes the injury its own." <u>Id.</u> (internal quotation marks and citations omitted).

Here, viewing the evidence in the light most favorable to Griffin, there is no legally sufficient evidentiary basis--beyond mere speculation--for a jury to conclude Griffin's injury happened <u>as a result</u> of Lincare's representative's instructions because she had already been standing at the unit in proximity to the leaking oxygen vapor before she spoke to Durkee and he instructed her to return to the unit. The key to Griffin's claim is the relationship, if any, between her exposure to leaking

3

oxygen from the tank and Lincare Service Representative Durkee's instructions to her. No testimony, or other evidence, makes this connection such that a reasonable jury could determine Griffin's injury happened as a result of, i.e. but-for, Durkee's instructions. The fact that an accident or injury occurred is not evidence of negligence. See Calvert v. Katy Taxi, Inc., 413 F.2d 841, 844 (2d Cir. 1969) (noting "if injury is caused by the negligence of someone that negligence must be brought home to the defendant in the action"). Griffin's argument that "logic and common sense would dictate that the ambient temperature of the area in the vicinity of the base of tank would have gotten colder the longer it was exposed to the leaking cryogenic vapor," is insufficient to support a finding of legal causation. Bolduc v. Coffin, 329 A.2d 655, 657 (Vt. 1974) ("Speculation and conjecture are no proof in him who is bound to make proof." (internal quotation marks and citation omitted)). Because Griffin failed to present evidence other than speculation and conjecture to support a finding of but-for causation[1], Lincare's motion for judgment as a matter of law must be granted.

IV. Conclusion

Lincare, Inc.'s motion for judgment as a matter of law (Doc. 94) is GRANTED. Accordingly, judgment shall be entered for Lincare and the case is dismissed.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 9th day of May, 2017.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

---

[1] At all times it was Griffin's burden to show by a preponderance of the evidence that Lincare's failure to instruct her in accordance with the Manufacturer's Operating Manual was the cause of her injury. See Doc. 43 at 9; Doc. 86 at 14-15.

4